```
             FILED        ____ RECEIVED
             ENTERED      ____ SERVED ON
                          COUNSEL/PARTIES OF RECORD

                    FEB 0 5 2019

              CLERK US DISTRICT COURT
                 DISTRICT OF NEVADA
         BY: _____ DEPUTY
```

John E. Fisher, II
13120 Raritan ST
Westminster, CO. 80234
(650)444-7800
Managing Member of
Standard Street, LLC

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| WILMINGTON TRUST, N.A., SUCCESSOR TRUSTEE TO CITIBANK, N.A., AS TRUSTEE, FOR THE BENEFIT OF REGISTERED HOLDERS OF SECURED ASSET MORTGAGE INVESTMENTS II TRUST 2007-AR1, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-AR1, <br><br>Plaintiff <br><br>vs. <br><br>STANDARD STREET, LLC, a Nevada limited liability company; GRANITE RIDGE COMMUNITY ASSOCIATION, a Nevada non-profit corporation, <br><br>Defendants | Case No. 3:17-cv-00067-MMD-CBC <br><br>MOTION TO VACATE DEFAULT JUDGEMENT AND GRANT TIME TO ANSWER COMPLAINT |

Defendant STANDARD STREET, LLC comes forth to pray for relief and ask this court to vacate the DEFAULT JUDGEMENT and allow DEFENDANT to answer the complaint and file a counter-complaint against the PLAINTIFF, WILMINGTON TRUST, and CO-DEFENDANT, GRANITE RIDGE HOMEOWNERS ASSOCIATION.

## GENERAL ALLEGATIONS

On April 22, 2014, STANDARD STREET, LLC attended a trustee's sale with the intent of bidding on 6401 Peavine Hills Ave in Reno. STANDARD STREET, LLC was prepared to bid up to $45,000. STANDARD STREET, LLC ended up purchasing 6401 Peavine Hills Ave in Reno at the trustee's sale for $11,000.00 as a bona fide purchaser. The bid was not the only bid received by the trustee. Alternate bids evidence that STANDARD STREET, LLC's bid was a fair offer.

STANDARD STREET, LLC was aware of extensive fire and water damage when their bid was made including, but not limited to, the garage, kitchen, upstairs bedroom and bathroom plus smoke damage throughout the house. This made the risk of purchase high and supports the final purchase price on the property.

It is STANDARD STREET, LLC's belief that the fire damage occurred almost two years prior to the sale, leading them to believe that the property had been abandoned by both the prior homeowner and the bank. A copy of the news story is attached.

It is STANDARD STREET LLC's belief that WILMINGTON TRUST had knowledge of the fire damage and vacancy as the house was boarded up and winterized when STANDARD STREET LLC acquired the property.

Information about fire damage or repairs were not provided nor offered to the court. It is STANDARD STREET, LLC's belief that this information was withheld to diminish the DEFENDANT's financial interest in the property.

To date, STANDARD STREET, LLC has extensively repaired and continues to repair 6401 Peavine Hills Ave to the amount of approximately $200,000. This includes, but is not limited to, hiring a structural engineer, structural repairs on the house, drywall, smoke damage, roofers, painters, and stucco. These repairs were done in good faith as shortly after the purchase of said property, the Nevada Supreme Court upheld the Homeowner's Association's right to sell subject properties non-judicially for delinquent HOA assessments as a true super-priority lien which extinguished a first deed of trust on the property. (SFR Investments Pool 1 v. U.S. Bank, 334 P.3d 408 (Nev. 2014))

On or about January 7, 2019, STANDARD STREET, LLC became aware of a foreclosure sale was scheduled for real property owned by them. Said sale was scheduled for January, 24, 2019 at 11:00 AM. STANDARD STREET, LLC did not receive proper service notifying them of the sale.

On January 9, 2019, STANDARD STREET, LLC promptly notified Plaintiff, QUALITY LOAN SERVICES, the trustee for Plaintiff, and

SELECT PORTFOLIO SERVICING, the loan services for WILMINGTON TRUST that no prior notice had been received and they were contesting the sale. A copy of said letter is attached.

The Plaintiff alleges that STANDARD STREET, LLC was properly served at 2300 Dickerson RD #50, Reno, NV. Mr. Fisher no longer resided at that property nor had he for years.

It is the belief of STANDARD STREET LLC that WILMINGTON TRUST did not exhibit proper due diligence for notifying STANDARD STREET LLC by attempting service at the property address at time of the initial filing on November 28, 2016 or at all until April 20, 2017, almost five months later.

It is the belief of STANDARD STREET, LLC that WILMINGTON TRUST did not exhibit proper due diligence for notifying STANDARD STREET, LLC by attempting service at the address on file with the Washoe County Tax Assessor or the address listed as the place of business with the Nevada Secretary of State.

In addition, WILMINGTON TRUST mentions in their Joint Discovery Plan that they "attempted to identify current addresses for individuals associated with Standard Street, such as...the individuals listed on the relevant deeds as recipients for the county recorder's mailing of final recorded documents...",

however the Trustee's Deed for the property recorded April 30, 2014 listed a recording address in Carson City where service was not attempted by WILMINGTON TRUST at any point in time.

On or about April 18, 2017, an eviction was commenced and served upon Mary Leisek, a resident of 6401 Peavine Hills Ave and former significant other of Mr. Fisher. A copy of the NOTICE TO QUIT and AFFIDAVIT OF SERVICE is attached.

The Plaintiff alleges STANDARD STREET, LLC was properly served at 6401 Peavine Hills Ave., Reno, NV. Mr. Fisher was not at his residence on April 20, 2017. The Plaintiff's affidavit of service states the document was served upon an unknown party "Jane Doe" who refused to give their name. It is our belief that Ms. Leisek was present and appears to have accepted service. It is our belief, since Ms. Leisek was hostile to Mr. Fisher, she concealed her acceptance of service from Mr. Fisher.

In addition, Mr. Fisher did not receive copies of any prior or subsequent documents relating to the case, even though he was a party named in the case, which would have also drawn his attention to pending litigation.

Mr. Fisher had counsel throughout April of 2017 and, had he received any sort of notification, it would have been forwarded to such counsel for resolution.

Mr. Fisher currently has pending litigation in the First Judicial District Court Of Nevada with Ms. Leisek.

STANDARD STREET, LLC and Mr. Fisher desire to defend the case on the merits.

Under Federal Rule of Civil Procedure Rule 60(d) - Other Powers to Grant Relief. This rule does not limit a court's power to: (1) entertain an independent action to relieve a party from a judgement, order, or proceeding; (2) grant relief under 28 U.S.C. 1655 to a defendant who was not personally notified of the action; or (3) set aside a judgement for fraud on the court.

Tozer v. Charles A. Krause Mill, Co., 189 F.2d 242, 245 (3d Cir. 1951) ("Matters involving large sums should not be determined by default judgments if it can reasonably be avoided. Any doubt should be resolved in favor of the petition to set aside the judgment so that cases may be decided on their merits.")

In 2014, the HOA was not required to notify the first deed of trust holder unless the trust holder "opted-in" to the

notifications. They were also not required to state sub-priority versus super-priority lien. The Plaintiff factually misrepresented these facts.

WILMINGTON TRUST states that the HOA did not give proper service and violated Nevada law, however they continually reference the 2015 NRS code, not the 2013 NRS code that was in effect at the time of the trustee's sale. That omission is very misleading as it changes material facts regarding this case. The 2015 amendments only apply to HOA foreclosure sales that occurred on or after Oct 1, 2015. The amendment does not include any retroactive application of the changes, thus past foreclosure sales are not subject to those changes. The 2013 NRS code 116 did not expressly require notice to be given to the lender and did not require the HOA or its Trustee to state the super-priority versus sub-priority lien amounts, as WILMINGTON TRUST claims it should have in its reply.

In NATIONSTAR MORTGAGE LCC, Appellant, vs. SANTICOY BAY LLC SERIES 2227 SHADOW CANYON, Respondent the court states "the rule from prior Nevada cases that inadequacy of price alone "is not enough to set aside a sale"".

In SATICOY BAY LLC SERIES 350 DURANGO 104 v. WELLS FARGO HOME MORTGAGE, 388 P.3d 970 (Nev. 2017) the Nevada Supreme Court held

that an HOA's NRS 116 non-judicial foreclosure sale does not implicate a state action for purposes of invoking due process protections under the United States and Nevada constitutions.

STANDARD STREET, LLC would have been willing to participate despite the allegation stated in Document 36, page 6, line 26. STANDARD STREET, LLC believes this case was, as the Plaintiff states, "a gotcha-style judgement".

STANDARD STREET, LLC believes there is a dispute in material facts, some of which appear to be deliberately withheld from the court. Document 36, page 6, lines 13-21.

WHEREAS,

STANDARD STREET, LLC maintains that they were not properly served and they were not given their right to defend themselves or file counter-complaints in court against the inaccurate allegations claimed in WILMINGTON TRUST's filings with this court.

STANDARD STREET, LLC maintains that they were not properly served and they were not given their right to file a counter-complaint in court against the co-defendant, GRANITE RIDGE HOMEOWNERS ASSOCIATION.

WILMINGTON TRUST will be unjustly enriched by the default judgement against STANDARD STREET, LLC due to the extensive repairs done since the property was purchased.

WILMINGTON TRUST had abandoned said property for ten (10) years, over three and a half (3.5) years after STANDARD STREET, LLC purchased the subject property.  STANDARD STREET, LLC will be adversely affected by said judgement.

Neither STANDARD STREET, LLC nor Mr. Fisher are currently represented by counsel.  Counsel is currently being sought.

Real estate is unique and damages caused by a wrongful foreclosure are extremely hard to quantify.

STANDARD STREET, LLC has affirmative defenses for the allegations spelled out in the COMPLAINT.

THEREFORE,

Standard Street, LLC respectfully requests the following:

Relief of DEFAULT JUDGEMENT,

Thirty days to respond to the COMPLAINT,

Injunctive relief as the court deems appropriate.

_____

John E. Fisher, II, Managing Member of

STANDARD STREET, LLC

DATED: February 5, 2019

State of Nevada
County of Washoe

This instrument was acknowledged before me on 2/5/2019 by JOHN E. FISHER, II

_____
Notary Public



ZHONG WEI CHIEN
Notary Public - State of Nevada
County of Washoe
APPT. NO. 97-0064-2
My App. Expires Jan. 25, 2021

QUALITY LOAN SERVICES CORPORATION
2763 Camino Del Rio South, San Diego CA 92108

January 7, 2019

To Whom It May Concern:

On April 22, 2014 STANDARD STREET, LLC purchased a property in Reno, NV (6401 Peavine Hills Ave, Reno NV 89523) at a trustee's sale due to unpaid HOA dues. Said property had been set on fire by the previous owner and sustained severe structural damage. STANDARD STREET, LLC recorded the deed with the Washoe County recorder. On September 18, 2014 the Supreme Court of Nevada ruled in SFR Investments Pool 1, LLC v. U.S. Bank holding (1) Nev. Rev. Stat. 116.3116(2) gives an HOA a true superpriority, proper foreclosure of which will extinguish a first deed of trust; and (2) chapter 116 permits nonjudicial foreclosure of HOA liens. Due to this case, in good faith, STANDARD STREET, LLC financed repairs and improvements on the house in excess of $100,000. Mr. Fisher of STANDARD STREET, LLC has lived in and cared for this property since the date of purchase.

Recently, Mr. Fisher of STANDARD STREET, LLC was told by a friend that said property was being sold at a trustee's sale dated January 24, 2019. In doing further research several documents were discovered:

I.  A Notice of Breach and Default and of Election to Cause Sale of Real Property Under Deed of Trust filed January 5, 2009 which mentions a default date of October 1, 2008. This notice was rescinded August 1, 2014 (filed August 4, 2014) stating that the original Notice should be treated as if it never existed - "…as if said Declaration of Default and Notice of Breach had not been made and given." With this wording, the statute of limitations was set back to starting off the October 1, 2008 default date. According to Nevada Law, the statute of limitations for foreclosure on a property is six years, for which the statute of limitations would have expired October 1, 2014.

II. A Notice of Breach and Default and of Election to Cause Sale of Real Property which states a filing date of May 5, 2018 and a delinquency date of December 1, 2008 against the previous owner. First, said notice was never properly posted. Second, this is a different date than the first Notice of Breach (which listed October 1, 2008). Regardless, even based off this new December 1, 2008 default date, the statute of limitations would have run out six years later on December 1, 2014 and yet this document was not filed until May 9, 2018 which is almost ten years after the default. As such, the document is not perfected.

We also call to attention laches. The sale was recorded in 2014 with the county. At no point in time was STANDARD STREET, LLC notified that their claim to the property was not correct. (To the contrary, QUALITY LOAN SERVICES CORPORATION cancelled the original Notice of Default mentioned above, several months after the sale.) In good faith, throughout the last six years Mr. Fisher of STANDARD STREET, LLC has repaired and improved on the property including paying utilities, maintenance and taxes. If the sale goes through, STANDARD STREET, LLC's damages will be substantial.

Finally, as public records show the property was sold at a trustee's sale and STANDARD STREET, LCC is a bona fide purchaser in good faith, the attempt to foreclose on the property is in bad faith.

With this in mind, we respectfully demand that within 5 days you withdraw the property from the trustee's sale and contact us via telephone (650-444-7800) or email (jfisher2@sbcglobal.net) due to the urgent nature of this matter.

We have tried many times to reach out to QUALITY LOAN SERVICES CORPORATION and SELECT PORTFOLIO SERVICE, INC., to remove the Deed of Trust from title, with no response. We welcome dialog with them.

Respectfully,


Mr. John E Fisher II
Standard Street, LLC

CC: Noncommercial Registered Agent, Kristin A. Schuler-Hintz, 9510 W. Sahara Ave #200, Las Vegas NV 89117
CC: President, Rochelle Matkin, 2763 Camino Del Rio South, San Diego CA 92108
CC: Quality Loan Servicing Corporation, 411 Ivy Street, San Diego CA 92101
CC: WILMINGTON TRUST, NA, SUCCESSOR TRUSTEE TO CITIBANK, N.A., AS TRUSTEE, FOR THE BENEFIT OF REGISTERED HOLDERS OF
    STRUCTURED ASSET MORTGAGE INVESTMENTS II TRUST 2007-AR1, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-AR1,
    c/o SELECT PORTFOLIO SERVICING, INC., 3815 South West Temple, Salt Lake City, UT 84165-0250

## FIVE DAY TENANCY AT WILL

## NOTICE TO TERMINATE TENANCY

Date **15 April**, 20**17**

TO: **Mary E Leisek**
**6401 Peavine Hills AV**
**Reno NV 89701**

    You are hereby notified to remove from the premises now held and occupied by you, being the premises known as **6401 Peavine Hills AV, Reno**, Nevada within the period of **five days** days from and after the date thereof.

    This notice is given under NRS 40.251 for the purpose of termination your tenancy of said premises on the ~~17th~~ **25th** day of **April**, 20**17**.

Dated this **18th** day of **April**, 20**17**.

_____
Landlord

# AFFIDAVIT OF SERVICE

I, __JUDY KATZ__, residing at __HODGEN Rd Colorado Springs Co__
(name of person making service)     (address of person making service)

am and was at the time the herein mentioned service took place a citizen of the United States. I am over the age of eighteen years.

As stated, I served to the below tenant

_____ a 5-Day Pay or Vacate Notice for Non-Payment of Rent,

_____ a 5-Day Breach of Contract Notice,

_____ a 30/7 Day No Cause Notice to Vacate,

_____ an Unlawful Detainer Notice

__X__ Other __5 day tenancy at will__

To __Mary E. Leisek__ and/or any other tenants, residing at __6401 Pennywise Hills Ave Reno, NV__.

1 __✓__ By personally serving a copy of said notice to __Mary E. Leisek__
On __18 April 2017__     (name of person served)
(Date of Services)

**OR**

2 _____ By posting a copy of said notice on the main entrance of the premises on

_____
(Date of Services)

**AND**

__✓__ By mailing a copy of said notice to the tenant at the rental address on
__19 April 2017__, (See certificate of mailing attached)
(Date of Mailing)

Personal service or posting of the eviction notice on the door was witnessed by

_____ this _____ day of _____, 20____
(Signature of Witness)

I declare under penalty of perjury that the foregoing is true and correct

__4/18/17__     _[signature]_
Date     Signature of person making service

State of Nevada
County of Carson City
Subscribed and sworn to before me this __18th__ day of __April__, 20__17__

_[signature]_
Deputy Clerk or Notary Public

If personal service made, signature of tenant or co-resident acknowledging receipt of notice

_____
Tenant or co-resident

[Notary Seal:]
GABRIEL ACEBEDO
Notary Public - State of Nevada
County of Carson City
APPT. NO. 08-6392-3
My App. Expires Apr. 26, 2020

SJC Civil 04/13



# NW Reno House Fire Out



*By Staff* | Posted: Mon 5:45 PM, May 07, 2012 |
Updated: Tue 8:18 AM, May 08, 2012



  

